**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

_____CANDACE PATTERSON_____, Plaintiff,

v.

_____STELLAR RECOVERY, INC., and JANE DOES_____, Defendant

_____
**COMPLAINT**
_____

## INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Candace Patterson, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff Candace Patterson (hereinafter "Candace") is a consumer, a natural person allegedly to pay any debt, and a citizen of the United States of America who presently resides in the following County in the following state: Weld County, in the state of Colorado.

3. Defendant Stellar Recovery, Inc. (hereinafter "Defendant SR") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Duval County, at the following address: 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216.

4. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

5. Candace is informed and believes, and thereon alleged, that Defendants use the instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. At all relevant times, Defendant SR acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

7. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

8.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

### FACTUAL ALLEGATIONS

Case background:

9. This is an action for actual and statutory damages brought by Candace, an individual consumer, against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

10.  Sometime before 2012, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant SR for collection from Candace.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5); namely an alleged debt with Comcast Corporation.

13.  Defendant then within one year prior to the filing of this complaint, began contacting Candace and placing excessive and harassing collection calls that displayed the intent to annoy to Candace in and around August of 2011, including numerous calls at inconvenient times at around 6 o'clock antemeridian, after Candace had told Defendants that she had a young baby and it inconvenienced her family, and that she had no job with which to pay the alleged debt; seeking and demanding payment for an alleged consumer debt owed under an account number.

14.  Defendants called Candace in August of 2011, and a female agent told Candace that Defendants would sue her if she did not pay by the 30th of that month; lying to or at the very least misleading Candace.

15.  Upon information and belief, Defendants do not have the requisite legal standing to sue Candace.

16.  Upon information and belief, in August of 2011, Defendants demanded immediate payment from Candace within the first thirty days from the initial communication, without also stating that Candace still had the right to dispute or seek validation of the alleged debt; overshadowing Candace's rights under the FDCPA.

17. Defendants utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff; and also by unfairly telling her in a call on September 12, 2011, that they would be noting on her account that she was not willing to pay at all; when she just was only telling them that she could not pay at that time, and was still very much willing to try to take care of the alleged debt though she had no job to pay on the alleged debt.

18. The systematic campaign of harassment of Candace, participated in by Defendants, has humiliated Candace, causing her mental pain and anguish, severe emotional distress, anger, amongst other negative emotions.

## SUMMARY

19. All of the above-described collection communications made to Candace by each individual Defendant and other collection employees employed by Defendant SR, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

20. The above-detailed conduct by these Defendants of harassing Candace in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

21. As a result of the acts alleged above, Defendants caused Candace to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

22. Candace suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, amongst other negative emotions.

23. Defendants' illegal and abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Candace.

## RESPONDEAT SUPERIOR LIABILITY

24. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant SR who communicated with Candace as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant SR.

25. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant SR in collecting consumer debts.

26. By committing these acts and omissions against Candace, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant SR.

27.  Defendant SR is therefore liable to Candace through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Candace.

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

28. Candace repeats, realleges, and incorporates the averments contained in all of the above paragraphs of her complaint as though fully set forth herein.

29. Defendants violated the FDCPA. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Candace:

   i. Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

   ii. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

   iii. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   iv. Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

   v. Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt before 8 o'clock antemeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;

30. As a result of the foregoing violations of the FDCPA, Defendants are liable to Candace for actual damages, statutory damages, and costs and attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment that each Defendant's conduct violated the FDCPA.

B. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated:  January 10, 2011.

RESPECTFULLY SUBMITTED,
Consumer Rights Law Firm, PLLC
By: /s/ Kevin Crick
Kevin Crick, Esq.
Consumer Rights Law Firm, PLLC
2 Dundee Park, Suite 201
Andover, Massachusetts 01810
Telephone: (978) 212-3300
Fax: (888) 712-4458
Email:kevinc@consumerlawfirmcenter.com
Attorney for Plaintiff Candace Patterson